John A. Follis, WSBA #18513
email: jfollis@andersonhunterlaw.com
Anderson Hunter Law Firm, P.S.
2707 Colby Ave., Suite 1001
Everett, WA 98201
Tel: 425-252-5161; Fax: 425-258-3345
Attorneys for Defendants Mathewson
and KBM Seattle, LLC

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, ) | No. 2:19-cv-1572 |
| Plaintiff, ) | |
| ) | RESPONSE OF DEFENDANTS KBM |
| vs. ) | SEATTLE AND MATHEWSON TO |
| ) | MOTION FOR SUMMARY |
| KBM SEATTLE, LLC; KEITH B. ) | JUDGMENT |
| MATHEWSON; SALLY MATHEWSON; ) | |
| and MICHAEL YOUNG, ) | |
| ) | |
| Defendants. ) | |

## I. COUNTER STATEMENT OF FACTS

KBM Seattle, LLC, (KBM) is a real estate rental company. Its sole member is Keith B. Mathewson, it has no other employees. At all times relevant to this motion KBM subleased space to various tenants at two principal locations. The first was a building located at 4841 West Marginal Way and the other buildings were located at 4600 and 4604 Delridge Way in Seattle.  Other than entering into lease agreements and improving/maintaining the space KBM was leasing at these specific locations, KBM conducted no other business.

Keith Mathewson purchased a policy of insurance for KBM through Dan Gilbertson his long time Farmers insurance agent. By 2014 Gilbertson had actual knowledge that the

1   KBM was leasing space at both the West Marginal Way and Delridge locations.[1]

2        For some unknown reason, when the subject policy of insurance was purchased only

3   the Delridge Way locations were referenced in the policy. KBM's business of leasing space

4   at both the Delridge and West Marginal Way locations were part of a singular operation, it

5   would make no sense for KBM to insure only the Delridge properties and not the Marginal

6   Way property. Even more peculiar, the Farmers agent listed the insured as KBM LLC on the

7   policy. The legal name was KBM Seattle LLC.[2]

8        On February 16, 2016 Michael Young was injured falling off a landing in the West

9   Marginal Way building. Young filed a lawsuit alleging negligence in King County Superior

10  Court. The lawsuit named KBM as a defendant along with Mathewson individually and

11  others. The matter was tendered to Mid-Century which eventually hired a lawyer to defend

12  KMB and Mathewson. The lawsuit is pending, mediation is scheduled for January 15, 2019.

13  **A.**    <u>**The Mid-Century Policy.**</u>

14       The subject policy identifies "real estate" as the business of KBM. There is no dispute

15  that the policy provided KBM businessowners liability coverage. The policy period covered

16  claims occurring between August 23, 2015 until August 23, 2016. There is no dispute that

17  the accident involving Mr. Young occurred on February 12, 2016 while the policy was in

18  effect. There appears to be no dispute that the subject policy covered bodily injury claims

19  resulting from ordinary negligence against KBM.

20       The **BUSSINESSOWNERS LIABILITY COVERAGE FORM**[3] reads in part as

21  follows:

22      *b. This insurance applies:*

23      *(1) To bodily injury and property damage only if:*

24  *(a) the bodily injury or property damage is caused by an occurrence that takes place in the*

25  _____

[1] See Declaration of Keith Mathewson p. 2, lines 10-15.

26  [2] See Declaration of Keith Mathewson p. 2, lines 19-21.

[3] Docket Document 13, p. 83.

RESPONSE OF DEFENDANTS KBM SEATTLE AND
MATHEWSON TO MOTION FOR SUMMARY JUDGMENT - 2

JAF/20466-1/1049338

ANDERSON HUNTER LAW FIRM, P.S.

2707 COLBY AVENUE, SUITE 1001
EVERETT, WASHINGTON 98201
TELEPHONE (425) 252-5161
FACSIMILE (425) 258-3345

1    *covered territory and*

2    *(b) The bodily injury or property damage occurs during the policy period*

3          *(2)  To:*

4    *(a) Personal Injury caused by an offense arising out of your business excluding advertising, publishing broadcasting or telecasting done by or for you:*

5

6    *(b) Advertising Injury caused by an offense committed in the course of advertising your goods products or services:*

7    *But only if the offense was committed in the coverage territory during the policy period.*

8          The *coverage territory* is defined as follows:

9    *4.   "Coverage territory" means:*

10   *a.   The United States of America (including its territories and possessions), Puerto Rico and Canada;*

11

12   *b.   International waters or airspace, provided the injury or damage does not occur in the course of travel or transportation to or from any place not included in a. above; or*

13

14   *c.   All parts of the world if:*

15        *(1) The injury or damage arises out of:*
            *(a) Goods or products made or sold by you in the territory described in a. above; or*

16

17        *(b) The activities of a person whose home is in the territory described in a. above, but is away for a short time on your business; and*

18        *(2) The insured's responsibility to pay damages is determined in a "suit" on the merits in the territory described in a. above or in a settlement we agree to.*

19

20   This broad geographic liability coverage is consistent with other aspects of the policy. For

21   example, under the **Cyber Liability and Data Breach Coverage form** the covered territory

22   applies to claims "*occurring anywhere in the world*".[4] The policy also covers advertising

23   injury. Advertising injuries would not usually occur on a specific property.  This again shows

24   that the policy itself was more than a simple premises liability policy.

25

26   _____
     [4] Docket Document 13, p. 33.

RESPONSE OF DEFENDANTS KBM SEATTLE AND
MATHEWSON TO MOTION FOR SUMMARY JUDGMENT - 3

JAF/20466-1/1049338

ANDERSON HUNTER LAW FIRM, P.S.

2707 COLBY AVENUE, SUITE 1001
EVERETT, WASHINGTON 98201
TELEPHONE (425) 252-5161
FACSIMILE (425) 258-3345

At issue in this case is whether the Designated Premises Endorsement (DPE) modifies and limits the broad geographic coverage referenced throughout the policy to a specific location. (The DPE is located after the last page of the 15-page **BUSSINESSOWNERS LIABILITY COVERAGE FORM.**)[5]

## II.  ISSUE

Does the DPE clearly and unequivocally communicate to an average purchaser of insurance that KBM liability coverage is limited to occurrences arising out of a specific location?

## III.  EVIDENCE RELIED UPON

1. Declaration of Keith Mathewson with attachments
2. Declaration of John Follis with Attachments.
3. Court file which includes Insurance policy at issue.

## IV.  AUTHORITY AND ARGUMENT

Mid-Century argues that the DPE limits the scope of what is covered in the policy to injuries arising out of a specific location thus invalidating the conflicting coverage territory provisions also contained in the policy. In essence, the DPE converts a Businessowners liability policy to a premises liability policy.[6]

Before analyzing the DPE, some general principles of insurance policy interpretation should be noted. First, an insurance contract should be interpreted according to the way it would be understood by the average purchaser. State Farm Insurance v. Emerson 102 Wn. 2d 477, 686 P 2d 1189.

Second, if there is ambiguity arising because of the difference of language used in the endorsement and the body of the policy, or between two endorsements, the language of

---

[5] Docket Document 13, p. 98.

[6] There is no contention that without this DPE the injury claim against KBM pending in King County Superior Court would not be a covered claim.

RESPONSE OF DEFENDANTS KBM SEATTLE AND
MATHEWSON TO MOTION FOR SUMMARY JUDGMENT - 4

JAF/20466-1/1049338

ANDERSON HUNTER LAW FIRM, P.S.

2707 COLBY AVENUE, SUITE 1001
EVERETT. WASHINGTON  98201
TELEPHONE (425) 252-5161
FACSIMILE (425) 258-3345

1  the contract is construed most strongly against the insurer. 1 G. Couch, *Insurance* § 4:36 (2d

2  rev. ed. 1984).  S*ee also*, *Hilburn v. Citizens' Mut. Auto. Ins. Co.*, 339 Mich. 494, 498, 64

3  N.W.2d 702 (1954). Finally, "Exclusionary clauses contained in insurance policies are

4  strictly construed against the insurer." *Stouffer & Knight v. Cont'l Cas. Co.*, 96 Wn. App. 741,

5  982 P.2d 105, 109 (Wash. Ct. App. 1999).

6        Applying these general principles to the subject policy the Court must decide if the

7  DPE (replicated below) clearly and unambiguously restricts the scope of liability coverage.

8

9  **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

10  ## LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT

11  This endorsement modifies insurance provided under the following:

12        BUSINESSOWNERS POLICY

13  **SCHEDULE\***

14
15  **Premises:**

16
17  **Project:**

18
19  The following is added to the Businessowners Li-
     ability Coverage Form:

20  This insurance applies only to "bodily injury,"
     "property    damage,"    "personal    injury,"
21  "advertising  injury"  and  medical  expenses
     arising out of:

**1.** The ownership, maintenance or use of
the premises shown in the Schedule and
operations necessary or incidental to
those premises; or

**2.** The project shown in the Schedule.

22

23

24

25  *Information required to complete this Schedule, if not shown on this endorsement, will be shown in
     the Declarations.
26

RESPONSE OF DEFENDANTS KBM SEATTLE AND
MATHEWSON TO MOTION FOR SUMMARY JUDGMENT - 5

JAF/20466-1/1049338

ANDERSON HUNTER LAW FIRM, P.S.

2707 COLBY AVENUE, SUITE 1001
EVERETT, WASHINGTON  98201
TELEPHONE (425) 252-5161
FACSIMILE (425) 258-3345

1  The DPE (replicated above) strikes one as a boilerplate form not applicable to this

2  policy that was intentionally left blank.  Under **Premises,** nothing is filled in.  Under **Project,**

3  nothing is filled in.  (That would make sense as there are no projects discussed in the policy.)

4  Following the blank spaces following "Premises and Project" the paragraph inserted

5  below them in paragraph 1 reads that the insurance applies to personal injury arising out of

6  "*the premises shown in the Schedule and operations necessary or incidental to those*

7  *premises.*" This DPE has the word "**Schedule\***" written at the top of it but nothing is listed

8  underneath it. This page itself could be viewed as a Schedule that was left blank.

9  The word Schedule also contains an * and refers the policyholder to a footnote which

10  reads:

11  *Information required to complete this schedule, if not shown on this endorsement, will*
   *be shown in the Declarations.*

12

13  Again does "this schedule" refer to this page that has the word "schedule" written at

14  the top? Also, how is the policyholder to know <u>if</u> there is information required to complete

15  this form/schedule? A policyholder expecting broad liability coverage for a business may

16  think the endorsement is already complete because the endorsement already contains a

17  Schedule with no Premises Limitations.  Also, what declarations are being referred to

18  exactly? Does this mean policy declarations?  There is a "Common Policy Declarations

19  form"[7] at the beginning of this lengthy insurance contract which does not reference any

20  location. In summary, this DPE that purports to limit coverage is not clear.

21  Mid Century needed to list on the DPE what premises it was referring to, there was

22  no reason to leave blanks. An average reader could conclude that by leaving the **Premises**

23  section blank there was no premises limitation pertaining to liability claims.

24

25

26

---

[7] Docket Document 13, p. 12.

RESPONSE OF DEFENDANTS KBM SEATTLE AND
MATHEWSON TO MOTION FOR SUMMARY JUDGMENT - 6

JAF/20466-1/1049338

ANDERSON HUNTER LAW FIRM, P.S.

2707 COLBY AVENUE, SUITE 1001
EVERETT, WASHINGTON 98201
TELEPHONE (425) 252-5161
FACSIMILE (425) 258-3345

1    Cases that have considered whether DPE's limit coverage generally hold that the

2    language in the DPE "must be clear and unequivocal". See for example _American Empire_

3    _Surplus Lines Insurance Co. v. Chabad House of North Dade, Inc.,_ 771 F. Supp. 2d 1336,

4    1343 (S.D. Fla. 2011), _aff'd_, 450 F. App'x 792 (11th Cir. 2011). In that case the court noted

5    that DPE clarity was required to convert a CGL policy to a policy that limited coverage to

6    injuries occurring on specific premises.

7    The case of _Illinois Union Ins. Co. v. Midwood Lumber & Millwork, Inc.,_ 2014 WL

8    639420, cited by Mid-Century is also noteworthy.  In that case the policy at issue was almost

9    identical to the policy in this case.  In _Illinois Union_ the Court did uphold the DPE premises

10   limitation, however, the ten properties at issue were listed right on the DPE.  The court noted

11   the DPE itself contained a list of ten specific properties right on the form, they were not

12   vaguely alluded to in other policy locations.

13   The court in the _Western Heritage Insurance Company v. Hoover_, 2016 WL 1242091

14   a case also cited by plaintiff held that to be enforced a DPE must be clear and unequivocal.

15   Moreover, that court noted how incorporation by reference can lead to ambiguity:

16       _In this case, the James River DPE does not clearly convert the policy into a premises_
         _liability policy. The DPE is similarly incorporated by reference into the policy on the_
17       _declarations page; however, the declarations page does not list the designated_
         _premises. Therefore, the DPE is not sufficiently clear and unequivocal to put the_
18       _insured on notice and convert the policy. Accordingly, we reject James River's_
         _argument to construe the DPE as limiting coverage to injury and damage occurring_
19       _on designated premises. See Dairy Rd. Partners, 92 Hawai'i at 412, 992 P.2d at 107_
20       _(holding that policy language "must be construed liberally in favor of the insured and_
         _[any] ambiguities [must be] resolved against the insurer.")._

21

22   The cases analyzing DPE's are few. Research did not uncover any cases where a DPE

23   that did not list the premises limitation on the endorsement itself was analyzed for that

24   deficiency.  This Court must consider whether the subject policy read as a whole clearly and

25   unequivocally alerted the purchaser that the DPE was modifying the policy.

26

RESPONSE OF DEFENDANTS KBM SEATTLE AND
MATHEWSON TO MOTION FOR SUMMARY JUDGMENT - 7

JAF/20466-1/1049338

ANDERSON HUNTER LAW FIRM, P.S.

2707 COLBY AVENUE, SUITE 1001
EVERETT, WASHINGTON 98201
TELEPHONE (425) 252-5161
FACSIMILE (425) 258-3345

Mid-Century misstates the issue as whether Yong's injury at West Marginal Way arises out of the ownership, maintenance or KBM's use of the Delrdige locations. Instead the issue is whether the DPE limits coverage to Delridge in the first place.  Mid-Century assumes the DPE is clear and unequivocal and an average purchaser of insurance would understand the policy coverage was being limited. That is an erroneous assumption.

The question before this Court is not whose interpretation of the policy is better or smarter.  The question is whether the DPE at issue would clearly an unequivocally communicate to an average purchaser of insurance that coverage was being restricted to the Delrdige locations.

It is not burdensome for an insurer to list the designated premises on the Limitation of Coverage to Designated Premise form. Leaving the space blank after **Premises** only invites confusion as does the language of the footnote.  A policyholder who is not a lawyer, should not have to go hunting through the policy to try to figure out whether this form itself was a schedule or what schedules were being referred to in footnotes.

## V. <u>RELIEF REQUESTED</u>

The Court should deny plaintiffs motion for summary judgment. Keith Mathewson purchased insurance to cover KBM's business liability. If the insurer intended to limit coverage it needed to do so clearly and unequivocally. It did not.

We also ask the Court to consider delaying a ruling on this motion as all parties may not have been served.  (See attached Declaration of John A. Follis.)

If the Court does grant the pending motion, Mid-Century has asked to be reimbursed defense costs. No evidence has been submitted as to what amount of money is being sought in this regard or for what services or charges.  We would ask that an evidentiary hearing be held to review the services and costs.  Any such charges need to be shown as reasonable and necessary fees and costs.

RESPONSE OF DEFENDANTS KBM SEATTLE AND
MATHEWSON TO MOTION FOR SUMMARY JUDGMENT - 8

JAF/20466-1/1049338

ANDERSON HUNTER LAW FIRM, P.S.

2707 COLBY AVENUE, SUITE 1001
EVERETT, WASHINGTON  98201
TELEPHONE (425) 252-5161
FACSIMILE (425) 258-3345

1    DATED this 30th day of December 2019.

2                                         ANDERSON HUNTER LAW FIRM, P.S.

3

4                                         By_ /s/ John A. Follis
5                                              John A. Follis, WSBA #18513
                                               Attorneys for Defendants KBM Seattle and
6                                              Mathewson

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

RESPONSE OF DEFENDANTS KBM SEATTLE AND
MATHEWSON TO MOTION FOR SUMMARY JUDGMENT - 9

JAF/20466-1/1049338

ANDERSON HUNTER LAW FIRM, P.S.

2707 COLBY AVENUE, SUITE 1001
EVERETT, WASHINGTON  98201
TELEPHONE (425) 252-5161
FACSIMILE (425) 258-3345

POLICY NUMBER:  60488-77-40                                              BUSINESSOWNERS

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT

This endorsement modifies insurance provided under the following:

BUSINESSOWNERS POLICY

**SCHEDULE***

**Premises:**


**Project:**


The following is added to the Businessowners Liability Coverage Form:

This insurance applies only to "bodily injury," "property damage," "personal injury," "advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or
2. The project shown in the Schedule.

*Information required to complete this Schedule, if not shown on this endorsement, will be shown  in the Declarations.

BP 04 12 01 87            Copyright, Insurance Services Office, Inc., 1985                    □